IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

C.A. NO:  7:24-cv-06363-JDA

| | |
|---|---|
| Melissa Ellis, )<br>)<br>    Plaintiff, )<br>)<br>        vs. )<br>)<br>Life Insurance Company of North )<br>America, )<br>)<br>    Defendant. )<br>_____) | **ANSWER** |

Defendant, Life Insurance Company of North America ("LINA"), by and through its undersigned counsel, responds to the allegations of the Complaint as follows:

## FOR A FIRST DEFENSE

1. Defendant admits, upon information and belief, that Plaintiff is or was a resident of South Carolina. Defendant is without sufficient information to admit the remaining allegations of Paragraph I of the Complaint and therefore the same are denied.

2. Defendant admits that it is a lawfully organized and existing insurance company. Defendant admits it does business in South Carolina. Except to the extent expressly admitted herein, the allegations of Paragraph II of the Complaint are denied.

3. Defendant admits that this action arises under the Employee Retirement Income Security Act of 1974 (ERISA), and Plaintiff has pled a claims for long term disability (LTD) benefits and Linked Waiver of Premium (LWOP) coverage under 29 U.S.C. § 1132(a)(1)(B).  Defendant further admits that this Court has federal question jurisdiction over matters arising under ERISA. Except to the extent expressly admitted

1

herein, the allegations of Paragraph III of the Complaint are denied.

4.     Defendant admits upon information and belief that Plaintiff was employed by Piedmont Healthcare, Inc., and, as such, was eligible to apply for long-term disability (LTD) benefits under a policy of insurance that covered the employees of Piedmont Healthcare, Inc. Defendant further admits that Plaintiff was eligible to apply for the LWOP coverage with respect to a policy of life insurance issued that covered the employees of Piedmont Healthcare, Inc. Defendant admits that it was the sole entity responsible for determining whether LTD benefits are payable and that it is a claim fiduciary with respect to LTD benefits. Defendant admits that it was the sole entity responsible for determining whether LWOP coverage is granted and it is a claim fiduciary with respect to LWOP coverage. Defendant admits it serves as claims administrator with respect to LTD benefits and LWOP coverage and is a proper party to the litigation with respect to LTD benefits and LWOP coverage. Except to the extent expressly admitted herein, the allegations of Paragraph IV of the Complaint are denied.

5.     Defendant admits Plaintiff ceased working and that she filed a claim for and received LTD benefits through April 22, 2024. Defendant admits Plaintiff applied for LWOP. Except to the extent expressly admitted herein, the allegations of Paragraph V of the Complaint are denied.

6.     Defendant admits that Defendant determined that Plaintiff did not meet the definitions of disability for LTD benefits and LWOP coverage. Defendant admits that it denied Plaintiff's claim for LTD benefits beyond April 22, 2024. Defendant admits that Plaintiff appealed Defendant's decision to deny LTD benefits beyond April 22, 2024. Defendant admits that in denying LTD benefits beyond April 22, 2024, it did not provide

benefits, but denies such benefits were due or owing to Plaintiff. Defendant admits Plaintiff has exhausted her administrative remedies relative to the LTD benefits at issues in this litigation. Defendant admits it did not provide LWOP coverage after it determined she did not meet the definition of disabled under the policy, but denies such coverage was due and owing. Defendant denies that Plaintiff exhausted her administrative remedy with respect to LWOP coverage. Except to the extent expressly admitted herein, the allegations of Paragraph VI of the Complaint are denied.

7.     Defendant denies the allegations of Paragraph VII of the Complaint.

8.     In response to the allegations in Paragraph VIII of the Complaint, Defendant incorporates by reference its responses to Paragraphs I through VII of the Complaint as if restated herein in full.

9.     Defendant denies the allegations of Paragraph IX of the Complaint.

10.     Unless specifically admitted above, Defendant denies each and every allegation of the Complaint and strict proof demanded thereof.

11.     Defendant denies that Plaintiff is entitled to any of the relief she seeks in her prayer for relief, which beings "**WHEREFORE**".

**FOR A SECOND DEFENSE**

12.     The Complaint fails to state a claim upon which relief can be granted.

**FOR A THIRD DEFENSE**

13.     Defendant is not liable to the Plaintiff because the claims are subject to the terms, conditions, and exclusions of the Plan and the Policies.

**FOR A FOURTH DEFENSE**

14.     All determinations made regarding Plaintiff's claim for LTD benefits and

3

LWOP coverage were based upon substantial evidence in the claim file and in accordance with the terms of the Plan and the Policies.

## FOR A FIFTH DEFENSE

15.    This court lacks jurisdiction over any claim or alleged damage that was not raised in Plaintiff's claims for benefits and LWOP coverage or the appeal of the denial of her claims for benefits.

## FOR A SIXTH DEFENSE

16.    Plaintiff's claims are barred, in whole or in part, because Defendant complied with its legal obligations.

## FOR A SEVENTH DEFENSE

17.    Plaintiff is not disabled under the terms of the group insurance policies issued by Defendant.

## FOR AN EIGHTH DEFENSE

18.    The decisions to deny benefits under the Plan and the Policies were legally correct, were not arbitrary and capricious and did not result from the abuse of any discretion afforded Defendant.

## FOR A NINTH DEFENSE

19.    Defendant discharged its duties with respect to the Plan in accordance with the documents and instruments governing the Plan and ERISA.

## FOR A TENTH DEFENSE

20.    Defendant alleges that if the Court finds in favor of the Plaintiff, Defendant is entitled to an offset for any and all Other Benefits, as defined by the applicable policy and/or Plan documents, including but not limited to, any amount of income continuation

4

paid to Plaintiff by or on behalf of any entity including, but not limited to, the Social Security Administration, workers' compensation carrier, and/or any other group disability plan.

### FOR AN ELEVENTH DEFENSE

21.     If the Court determines that LINA materially erred in administering Plaintiff's claim for benefits under the terms of the Plan, group insurance policies or applicable law, which is denied, then the Court should remand the claim to LINA for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

### FOR A TWELFTH DEFENSE

22.     Plaintiff has failed to exhaust her administrative remedies with respect to her claim for LWOP coverage.

### FOR A THIRTEENTH DEFENSE

23.     Defendant is entitled to an order requiring restitution for an overpayment of $ 29,403.74 in benefits, as well as an accounting of Plaintiff's benefit claim and return of any benefits exceeding the amounts owed.

WHEREFORE, Life Insurance Company of North America respectfully prays that judgment be entered in its favor and that it be awarded its costs, attorney's fees, and such other relief as the Court may deem just and proper.

s/Franklin G. Shuler, Jr.
Franklin G. Shuler, Jr., I.D. #5547
Turner, Padget, Graham & Laney, P.A.
Post Office Box 1473
Columbia, South Carolina 29202
Telephone:  (803) 227-4242
fshuler@turnerpadget.com
December 5, 2024                ATTORNEYS FOR DEFENDANT